1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   REGINALD BLOUNT,                          No.  2:15-cv-1809 KJM AC P

12                  Petitioner,

13         v.                                   ORDER

14   J. SOTO,

15                  Respondent.

16

17         Petitioner is a state prisoner proceeding without counsel on an application for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed a motion for extension of time to file

19   attachments to his habeas petition that indicated he may also be seeking to raise additional

20   constitutional issues.  ECF No. 7.  He was ordered to file a notice clarifying whether he sought to

21   amend the petition and add additional grounds for relief or whether he was seeking to provide

22   additional documents without adding new claims.  ECF No. 8.  Petitioner proceeded to file the

23   required notice and stated that he intends to add both an additional claim and additional

24   documentation to support his existing claims.  ECF No. 9.  Upon receiving the clarification from

25   petitioner, the court granted his motion for extension.  ECF No. 10.  Petitioner has now filed a

26   letter in which he inquires as to whether his request for an extension had been granted and

27   whether he needed to ask for a stay or file a new petition.  ECF No. 11.

28         The court is unable to tell petitioner what action he should take or direct him on how to

1

1    manage his case.  Moreover, it is unclear from petitioner's letter why he believes a stay may be

2    necessary, though his reference to new evidence indicates that it may be because he has not

3    exhausted all of his state court remedies with respect to the new claim he seeks to add.

4    Accordingly, petitioner is advised that the exhaustion of state court remedies is a prerequisite to

5    the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).[1]  If exhaustion is to

6    be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A

7    waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion

8    requirement by providing the highest state court with a full and fair opportunity to consider all

9    claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);

10   Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

11        In preparing his amended petition, petitioner should remember that if he brings a petition

12   that includes unexhausted claims, his options will be (1) to seek a stay of all claims pending

13   exhaustion of the unexhausted claims; (2) to voluntarily dismiss any unexhausted claims and seek

14   a stay of the exhausted claims only pending exhaustion of the unexhausted claims; or (3) to

15   dismiss the unexhausted claims and proceed on the exhausted claims without a stay.

16        If petitioner wishes the petition to be maintained as a mixed petition of both exhausted and

17   unexhausted claims, he will have to seek a stay pursuant to Rhines v. Weber, 544 U.S. 269

18   (2005).  In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed

19   federal petition should be available only in the limited circumstance that (1) good cause is shown

20   for a failure to have first exhausted the claims in state court, (2) that the claim or claims at issue

21   potentially have merit, and (3) that there has been no indication that petitioner has intentionally

22   delayed pursuing the litigation.  Id. at 277-78.

23        Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to

24   King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir.

25   2003)).  "Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any

26   unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted

27

28   _____

[1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
2254(b)(2).

1  petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted

2  claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly

3  exhausted claims.  Id. at 1135 (citing Kelly, 315 F.3d at 1070-71).  The Kelly stay-and-abeyance

4  procedure does not require a showing of good cause or potential merit.  However, using the Kelly

5  procedure means that any newly-exhausted claims later added to the federal petition by

6  amendment must relate back to the claims in the stayed petition; in other words, "the Kelly

7  procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims

8  from untimeliness in the interim."  King, 564 F.3d at 1141.

9       In the event petitioner chooses to proceed on an exhausted-claims-only petition without a

10  stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims

11  might face challenges based on timeliness, the limitations applicable to second or successive

12  petitions, and/or other procedural hurdles, depending on the circumstances.

13       The court takes no position on the timeliness or merit of petitioner's current claims nor on

14  the course of action petitioner should take.

15       Summary

16       The court can only grant a petition where the claims have been exhausted in state court.  If

17  petitioner's amended petition includes claims that he has not exhausted in state court, he will have

18  to decide whether to (1) ask for a stay of all his claims while he goes back to state court to

19  exhaust the unexhausted claims; (2) dismiss the unexhausted claims and ask for a stay of the

20  exhausted claims only while he goes back to state court to exhaust the unexhausted claims; or (3)

21  dismiss the unexhausted claims and proceed on the exhausted claims without a stay.

22       If petitioner chooses option one, he will have to explain why he did not exhaust his claims

23  in state court, why his case has merit, and why he has not unnecessarily delayed in bringing his

24  claims to state court.  If he chooses option two, plaintiff will not have to show good cause or

25  possible merit for the stay, but his claims will not be protected from being untimely.  If he

26  chooses option three, if he attempts to amend his petition later or bring a separate petition, the

27  claims may be too late, not allowed because they are a second or successive petition, or there may

28  be other difficulties depending on the circumstances.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Petitioner is advised that his request for an extension was granted and his amended

3  petition must be filed on or before February 8, 2016 (ECF No. 10).

4    2.  Petitioner's request for instruction on how to proceed (ECF No. 11) is granted only to

5  the extent that petitioner is advised of the consequences of including unexhausted claims in his

6  amended petition as set forth above.  The court takes no position on the appropriate course of

7  action for petitioner.

8  DATED: December 22, 2015

9    _____

10   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28