UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD BLOUNT, | No.  2:15-cv-1809 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| J. SOTO, | |
| Respondent. | |

  Petitioner is a state prisoner proceeding without counsel on an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner filed a motion for extension of time to file attachments to his habeas petition that indicated he may also be seeking to raise additional constitutional issues. ECF No. 7.  He was ordered to file a notice clarifying whether he sought to amend the petition and add additional grounds for relief or whether he was seeking to provide additional documents without adding new claims. ECF No. 8. Petitioner proceeded to file the required notice and stated that he intended to add both an additional claim and additional documentation to support his existing claims.  ECF No. 9. Upon receiving the clarification from petitioner, the court granted his motion for extension. ECF No. 10. Petitioner then filed a letter asking whether he needed to ask for a stay or file a new petition. ECF No. 11.  The court informed petitioner that it could not tell him what action to take or how to manage his case and advised him of the procedures for requesting a stay

1

1    under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).
2    ECF No. 12.  Petitioner was also advised of the consequences of including unexhausted claims in
3    his amended petition.  <u>Id.</u>  Petitioner has now filed a second amended petition.  ECF No. 13.  He
4    has also filed another document that appears to be a copy of a California Supreme Court habeas
5    petition (ECF No. 14) and a motion for extension of time (ECF No. 16).

6        After reviewing the second amended petition, the court is unable to determine which
7    portions are intended to state the grounds for relief petitioner is asserting and which portions are
8    intended as exhibits.  The first portion of the document consist of a completed habeas petition
9    form.  ECF No. 13 at 1-15.  Ground One of the petition appears to be the new claim that
10   petitioner sought to add and indicates that it is unexhausted.  <u>Id.</u> at 5-6.  It appears that petitioner
11   may also be seeking a <u>Rhines</u> stay.  <u>Id.</u> at 7.  Petitioner then identifies Ground Two as
12   "Unauthorized sentence; refer to memorandum of points and authority and exhibits."  <u>Id.</u>  It
13   appears that Ground Two was exhausted on direct appeal.  <u>Id.</u>  Unfortunately, the court is unable
14   to identify what petitioner intends as Ground Two from the attached documents.  Petitioner has
15   attached three handwritten memoranda (<u>id.</u> at 16-27, 85-139, 160-182) and two typed state habeas
16   petitions (<u>id.</u> at 212-228, 233-240) to the habeas petition form.  The first handwritten
17   memorandum appears to be in support of Ground One.  <u>Id.</u> at 16-27.  However, with respect to
18   Ground Two, the court is unable to determine which of the remaining memoranda petitioner is
19   referring to or whether the direction to "refer to memorandum of points and authority and
20   exhibits" is supposed to include the grounds in the state habeas petitions.  Moreover, these
21   documents include more than a single ground for habeas relief.

22       To further complicate matters, petitioner has also filed a document captioned for the
23   California Supreme Court that is additionally labeled "Evidentiary Hearing Request at Federal
24   Stage to Amend and Granted to File to Ex[h]aust."  ECF No. 14.  Following the petition form,
25   petitioner appears to have attached the same documents as are attached to his second amended
26   petition, minus some transcripts and the typed state habeas petitions.  It appears that petitioner
27   may have intended to file this document with the California Supreme Court and inadvertently
28   ////

1  filed it in this case.  If petitioner intentionally filed this document in this case, its purpose is
2  unclear.

3  Petitioner has also filed a motion for extension of time.  ECF No. 16.  It appears that what
4  petitioner is actually seeking is a stay of this case pending exhaustion of his state court remedies
5  for his new claim.  Id.  Petitioner indicates that he recently filed a petition in the California
6  Supreme Court and is awaiting its disposition.  Id.  However, a review of the California Supreme
7  Court's online docket does not show any cases initiated by petitioner within the last year, making
8  it appear more likely that the California Supreme Court petition at ECF No. 14 was intended to be
9  filed in state court.

10  Due to the court's inability to understand the grounds petitioner is asserting in his second
11  amended petition, the petition will be dismissed with leave to amend.  The court will also
12  disregard the substantially identical document with the California Supreme Court caption (ECF
13  No. 14) and deny the motion for extension (ECF No. 16).  In submitting a third amended petition,
14  petitioner must comply with the following directions.

15  The third amended petition must be on the form for § 2254 habeas petitions which will be
16  provided to petitioner.  Each ground for relief must be separately identified.  For example, on the
17  petition form for the second amended petition, petitioner identifies Ground Two as "Unauthorized
18  sentence."  ECF No. 13 at 7.  However, the attached memoranda appear to give more than one
19  reason why petitioner believes his sentence is unauthorized.  Each reason petitioner thinks his
20  sentence is unauthorized must be identified as a separate ground for relief.

21  The petition form has sections for four different grounds.  If petitioner wants to state more
22  than four grounds for relief, he may use additional sheets of paper to list each ground and attach
23  them directly to the back of the petition form.  The additional grounds must also be clearly and
24  individually identified.  If petitioner wants to attach a supporting memorandum, all of petitioner's
25  grounds for relief must be included in one memorandum and it must be separated into sections
26  that clearly identify which ground they support.  Petitioner should not file a separate
27  memorandum for each ground.  Petitioner does not need to re-file documents intended only as
28  exhibits to the petition.  However, if petitioner wants to attach exhibits, they must all be included

after the petition and any supporting memorandum and the exhibits must be clearly labeled as exhibits.

Petitioner has indicated that Ground One of the second amended petition has not been exhausted in state court and that he may be seeking a stay under Rhines.  ECF No. 13 at 6-7; ECF No. 16.  If the third amended petition includes any unexhausted claims and petitioner wants to stay the case under Rhines, he must file a separate motion for stay and abeyance at the same time he files the third amended petition.  Petitioner is reminded that if he seeks to stay a petition containing both exhausted and unexhausted claims, Rhines requires that he (1) show good cause for not exhausting the claims in state court before filing this petition, (2) that the claim or claims at issue potentially have merit, and (3) that there has been no indication that petitioner has intentionally delayed pursuing the litigation.  Rhines, 544 U.S. at 277-78.

If the third amended petition does not contain any unexhausted claims and petitioner wants to stay this case while he finishes exhausting his unexhausted claims in state court, then he must file a separate motion for a Kelly stay at the same time he files the third amended petition. A Kelly stay does not require a showing of good cause or potential merit.  However, using the Kelly procedure means that any newly-exhausted claims that are added to the federal petition later by amendment must relate back to the claims in the stayed petition.  In other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness" while the petitioner is exhausting his state court remedies.  King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009).

If petitioner decides to file a third amended petition with only exhausted claims and does not request a stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims might face challenges based on timeliness, the limitations applicable to second or successive petitions, and/or other procedural hurdles, depending on the circumstances.

The court takes no position on whether petitioner's current claims are timely or have merit.

Summary

The second amended petition is dismissed because the court cannot tell why petitioner

believes he is entitled to habeas relief.  Petitioner may file a third amended petition and must follow the instructions above.

The document that appears to be a petition for habeas relief in the California Supreme Court is disregarded.

Petitioner's motion for extension is denied because the second amended petition is being dismissed with leave to amend and petitioner must file a motion for a stay if he wants to stay this case while he finishes exhausting his state court remedies.

Accordingly, IT IS HEREBY ORDERED that:

1. The second amended petition (ECF No. 13) is dismissed with leave to amend. Petitioner may file a third amended petition within thirty days of the service of this order.  The third amended petition must bear the docket number assigned this case, must be labeled "Third Amended Petition," and must follow the directions given in this order.  If petitioner seeks a stay of this case under either Rhines or Kelly, he must file a separate motion for stay with the third amended petition.  Failure to file a third amended petition in accordance with this order will result in a recommendation to dismiss this case.

2. The Clerk of the Court is directed to send petitioner the form for § 2254 habeas corpus applications.

3. The document at ECF No. 14 shall be disregarded.

4. Petitioner's motion for extension (ECF No. 16) is denied.

DATED: January 14, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE