UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD BLOUNT, | No. 2:15-cv-1809 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| J. SOTO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel on an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.     <u>Procedural History</u>

A couple of months after filing original and first amended petitions (ECF Nos. 1, 3), petitioner filed a motion for extension of time to file attachments that indicated he may also be seeking to raise additional constitutional issues. ECF No. 7. He was ordered to file a notice clarifying whether he sought to amend the petition and add additional grounds for relief or whether he was seeking to provide additional documents without adding new claims. ECF No. 8. Petitioner proceeded to file the required notice, stating that he intended to add both an additional claim and additional documentation to support his existing claims. ECF No. 9. Upon receiving the clarification from petitioner, the court granted his motion for extension. ECF No. 10. Petitioner then filed a letter asking whether he needed to ask for a stay or file a new petition. ECF

1

1  No. 11.  The court informed petitioner that it could not tell him what action to take or how to
2  manage his case, and advised him of the procedures for requesting a stay under Rhines v. Weber,
3  544 U.S. 269 (2005), and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  ECF No. 12.  Petitioner
4  was also advised of the consequences of including unexhausted claims in his amended petition.
5  Id.  Petitioner proceeded to file a second amended petition.  ECF No. 13.  He has also filed a
6  document that appeared to be a copy of a California Supreme Court habeas petition (ECF No. 14)
7  and a motion for extension of time (ECF No. 16).

8  After reviewing the second amended petition, the court was unable to determine which
9  portions were intended to state grounds for relief and which portions were intended as exhibits.  It
10  also appeared that petitioner was seeking a Rhines stay.  ECF No. 13 at 7.  To further complicate
11  matters, petitioner also filed a document captioned for the California Supreme Court and labeled
12  "Evidentiary Hearing Request at Federal Stage to Amend and Granted to File to Ex[h]aust."  ECF
13  No. 14.  Appended to the petition form were the same documents petitioner had attached to his
14  second amended federal petition, minus some transcripts and the typed state habeas petitions.  Id.
15  It accordingly appeared that petitioner may have intended to file that document with the
16  California Supreme Court, and had inadvertently filed it in this case.  In his motion for extension
17  of time, which was actually a request for a stay pending exhaustion of his state court remedies for
18  his new claim, petitioner indicated that he had recently filed a petition in the California Supreme
19  Court that was awaiting disposition.  ECF No. 16.  However, a review of the California Supreme
20  Court's online docket did not show any cases initiated by petitioner within the last year, making it
21  appear more likely that the California Supreme Court petition at ECF No. 14 had been intended
22  for that court.  ECF No. 17 at 3.

23  Because the court was unable to understand the grounds petitioner was asserting in his
24  second amended petition, the petition was be dismissed with leave to amend.  ECF No. 17.  The
25  court also disregarded the substantially identical document with the California Supreme Court
26  caption (ECF No. 14) and denied the motion for extension (ECF No. 16).  Petitioner was then
27  directed to file a third amended petition and given instructions on the form of the petition and
28  what he would need to show if he was requesting a stay.  ECF No. 17 at 3-4.

  Petitioner has now filed a third amended petition (ECF No. 18) and has once again also filed a second, nearly identical petition captioned for the California Supreme Court (ECF No. 19). As with the previous petition captioned for the California Supreme Court, **the petition at ECF No. 19 will be disregarded**. It is unclear what petitioner intended by filing the state court petitions in this court, but **if he is attempting to exhaust his state court remedies, he needs to file the state court petitions with the California Supreme Court, not with this court.** Petitioner is reminded that he does not require permission from this court to file a petition in the California Supreme Court and if he is seeking to file something in the California Supreme Court, he should do so without delay.

  In reviewing petitioner's third amended petition, it has come to the court's attention that included with the petition is a motion for a stay pursuant to Rhines. ECF No. 18 at 7-8. Petitioner states that he seeks a stay under Rhines to exhaust his newly added claim of actual innocence. Id. Petitioner asserts that his actual innocence claim is based upon recently receiving two affidavits from the victim and a material witness in which they recant their trial testimony. Id. The affidavits state that the affiants lied on the stand at the direction of the district attorney and that the district attorney coerced them into lying by threatening to charge them with kidnap and assault of petitioner if they did not testify as he wanted. Id. at 202, 207. It appears that petitioner's claim for actual innocence is in fact a claim of prosecutorial misconduct, as he asserts that he was the victim of "prosecutorial vindictiveness" and that his Sixth and Fourteenth Amendment rights were violated when the prosecution coerced and threatened the victim and witness to provide testimony against him and concealed their original, favorable testimony. Id. at 5, 18-19, 99-109.

  In order to obtain a stay and abeyance of a mixed federal petition under Rhines, petitioner must show that (1) there is good cause for failing to have first exhausted the claims in state court, (2) that the claim or claims at issue potentially have merit, and (3) that there has been no indication that petitioner has intentionally delayed pursuing the litigation. 544 U.S. at 277-78. Petitioner asserts that he did not receive the affidavits until after all of his state court proceedings had concluded. ECF No. 18 at 5, 8. However, the victim and witness affidavits are both dated

November 12, 2012 (id. at 204, 210), approximately two months after the conclusion of petitioner's trial (id. at 1, 140-41).  Before the undersigned can issue a recommendation on petitioner's request for a Rhines stay, petitioner must provide the court with a sworn declaration or affidavit addressing the issues of good cause and intentional delay.  Specifically, petitioner's sworn statement must advise the court of the following:

    1. When did petitioner first become aware of Avery Blount and David Beckhorn's affidavits?

    2. When did petitioner first come into possession of the affidavits?

    3. Who was in possession of the affidavits before petitioner received them and what happened to the affidavits after they were signed in 2012?

    4. If there was any delay between when petitioner found out about the affidavits and when he received them, what was the cause of the delay and what steps did petitioner take to obtain the affidavits?

If petitioner does not file an affidavit or declaration addressing these items, the court will recommend denial of his motion for stay and proceed to screen the third amended petition.

    Accordingly, IT IS HEREBY ORDERED that:

    1. The document at ECF No. 19 shall be disregarded.

    2. Petitioner must file an affidavit or declaration advising the court of the following:

        a. When did petitioner first become aware of Avery Blount and David Beckhorn's affidavits?

        b. When did petitioner first come into possession of the affidavits?

        c. Who was in possession of the affidavits before petitioner received them and what happened to the affidavits after they were signed in 2012?

        d. If there was any delay between when petitioner found out about the affidavits and when he received them, what was the cause of the delay and what steps did petitioner take to obtain the affidavits?

////

////

3. Failure to submit an affidavit or declaration addressing these issues will result in a recommendation that the motion for stay be denied and the court will proceed with screening the third amended petition.

DATED: October 13, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE